UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES R. STANBROUGH, ANGELA M. HOLMES, and CARRIE L. BENNETT <br><br> Plaintiffs, <br><br> v. <br><br> DALEVILLE COMMUNITY SCHOOLS, THOMAS STOUGHTON, INDIANA VIRTUAL EDUCATION FOUNDATION, INC., INDIANA VIRTUAL PATHWAYS ACADEMY, INC., INDIANA VIRTUAL, LLC ALPHACOM, INC., and EIGHTBIT DESIGNS LLC d/b/a BITLOFT <br><br> Defendants. | ) ) ) ) ) ) ) ) CASE NO. 1:20-CV-00160 ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

Plaintiffs James R. Stanbrough ("Stanbrough"), Angela M. Holmes ("Holmes") and Carrie L. Bennett ("Bennett")(collectively "Plaintiffs") bring this action against Daleville Community Schools ("Daleville"), Thomas Stoughton ("Stoughton") Indiana Virtual Education Foundation, Inc., ("Virtual Education"), Indiana Virtual Pathways Academy, Inc. ("Virtual Pathways"), Indiana Virtual, LLC ("Indiana Virtual"), Alphacom, Inc. ("Alphacom"), and Eightbit Designs LLC d/b/a Bitlof ("Bitloft") (together "Defendants"), and show as follows:

### OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and the Indiana Wage Claim Statute I.C. § 22-2-9 *et seq.*

Defendants violated the FLSA by failing to pay Plaintiffs the minimum wage required under federal law.  Defendants violated Indiana law by failing to timely pay Plaintiffs their earned wages. Specifically, Defendants failed and refused to pay Plaintiffs any earned wages for approximately their last month and one-half of employment with Defendants.

## PARTIES

2. Stanbrough is an individual who resides in Hamilton County, Indiana.  He was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint.  At all times hereinafter mentioned, Stanbrough was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Holmes is an individual who resides in Madison County, Indiana.  She was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint.  At all times hereinafter mentioned, Holmes was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

4. Bennett is an individual who resides in Hamilton County, Indiana.  She was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint.  At all times hereinafter mentioned, Bennett was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

5. Virtual Education is an Indiana corporation doing business in Marion County, Indiana.  Virtual Education acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs. Virtual Education is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Virtual Education was Plaintiffs' "employer"

as that term is defined under I.C. 22-2-9-1(a). Stoughton is or was, at all times relevant, an owner, member and/or officer of Virtual Education. Virtual Education was the "joint employer" of Plaintiffs as that term is defined under the FLSA and the Indiana Wage Claims Statute.

6. Virtual Pathways is an Indiana corporation doing business in Marion County, Indiana. Virtual Pathways acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs. Virtual Pathways is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Virtual Pathways was Plaintiffs' "employer" as that term is defined under I.C. 22-2-9-1(a). Stoughton is or was, at all times relevant, an owner, member and/or officer of Virtual Pathways. Virtual Pathways was the "joint employer" of Plaintiffs as that term is defined under the FLSA and the Indiana Wage Claims Statute.

7. Indiana Virtual is an Indiana domestic limited liability company doing business in Marion County, Indiana. Indiana Virtual acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs. Indiana Virtual is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Indiana Virtual was Plaintiffs' "employer" as that term is defined under I.C. 22-2-9-1(a). Stoughton is or was, at all times relevant, an owner, member and/or officer of Indiana Virtual. Indiana Virtual was the "joint employer" of Plaintiffs as that term is defined under the FLSA and the Indiana Wage Claims Statute.

8. Alphacom is an Indiana domestic corporation doing business in Marion County, Indiana. Alphacom acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs. Alphacom is an "employer" within the meaning of the FLSA, 29

U.S.C. § 203(d).  Alphacom was Plaintiffs' "employer" as that term is defined under I.C. 22-2-9-1(a).  Stoughton is or was, at all times relevant, an owner, member and/or officer of Alphacom.  Alphacom was the "joint employer" of Plaintiffs as that term is defined under the FLSA and the Indiana Wage Claims Statute.

9. Bitloft is a foreign limited liability company domestic doing business in Marion County, Indiana.  Bitloft acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs. Bitloft is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).  Bitloft was Plaintiffs' "employer" as that term is defined under I.C. 22-2-9-1(a).  Stoughton is or was, at all times relevant, an owner, member and/or officer of Bitloft.  Bitloft was the "joint employer" of Plaintiffs as that term is defined under the FLSA and the Indiana Wage Claims Statute.

10. Stoughton is an individual who resides in Hamilton, County Indiana. Stoughton is or was, at all relevant times, an owner, member and/or officer of Virtual Education, Virtual Pathways, Indiana Virtual, Alphacom, and Bitloft.  In this capacity, Stoughton is or was, at all relevant times, involved in the day-to-day business operations of Virtual Education, Virtual Pathways, Indiana Virtual, Alphacom, and Bitloft. At all relevant times, Stoughton has or had the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including decisions regarding the minimum wage violations alleged in this Complaint.  At all relevant times, Stoughton acted and had responsibility to act on behalf of, and in the interests of, Virtual Education, Virtual Pathways, Indiana Virtual, Alphacom, and Bitloft in devising, directing, implementing and supervising the wage practices and policies relating to employees, including the minimum wage and

issues raised in this lawsuit.   At all relevant times, Stoughton was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Stoughton was Plaintiffs' "employer" as that term is defined under I.C. 22-2-9-1(a). Stoughton was the "joint employer" of Plaintiffs as that term is defined under the FLSA and the Indiana Wage Claims Statute.

11. Daleville is a public school district in Delaware County, Indiana.  Daleville acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs. Daleville is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).  Daleville was Plaintiffs' "employer" as that term is defined under I.C. 22-2-9-1(a).  Daleville was the "joint employer" of Plaintiffs as that term is defined under the FLSA and the Indiana Wage Claims Statute.

## JURISDICTION

12. This Court has jurisdiction over Defendants because Plaintiffs bring claims arising under federal law.  This Court has supplemental jurisdiction over Plaintiffs' Indiana state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

13. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## FLSA COVERAGE

14. At all times hereinafter mentioned, Defendants, individually and collectively as joint employers, have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Defendants, individually and collectively as joint employers, have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

16. At all times hereinafter mentioned, Plaintiffs were employees engaged in commerce or in the production of goods for commerce.

## FACTS

17. Defendants Virtual Education, Virtual Pathways, Indiana Virtual, Alphacom and Bitloft, share common ownership, employees, office space, human resources employees and officers and/or directors.

18. Through the common control and ownership of Defendant Stoughton, Stoughton, Virtual Education, Virtual Pathways, Indiana Virtual, Alphacom and Bitloft, with the oversight of Daleville, owned and operated a charter school in Indiana known commonly as "Indiana Virtual School" (hereinafter, "Indiana Virtual School")

19. At all relevant times, Daleville agreed to and did perform oversight and control over Indiana Virtual School and its employees.

20. Defendants jointly employed Plaintiffs as Counselors of Indiana Virtual School.

21. Each Defendant is jointly and severally liable with the other Defendants for all violations of Stanbrough, Holmes and Bennett's wage and hour rights under the FLSA and Indiana Wage Claims Statute.

22. Defendants hired Stanbrough on or around March 12, 2019. At the time of his involuntary termination on August 22, 2019, Stanbrough's salary was $5,000.00 per month.

23. Defendants hired Bennett in or around September 2018. At the time of Bennett's involuntary termination on August 22, 2019, Bennett's salary was $5,416.67 per month.

24. Defendants hired Holmes on or around September 2, 2018. At the time of Holmes' involuntary termination on August 22, 2019, Holmes' salary was $5,000.00 per month.

25. Defendants paid Plaintiffs on a monthly basis.

26. At the time of their involuntary termination, Stanbrough, Bennett and Holmes were owed, but have not received, payment of their earned wages for the full month of July 2019 and the partial month of August 2019.

27. Specifically, Plaintiffs performed hours of work for Defendants during workweeks in both July 2019 and August 2019, yet Defendants have paid Plaintiffs no wages for their hours worked during the months of July 2019 and August 2019.

28. Plaintiffs were not exempt from the minimum wage provisions of the FLSA.

29. By refusing to pay Plaintiffs any earned wages for their hours worked during the months of July 2019 and August 2019, Defendants did not pay Plaintiffs the minimum wage required by the FLSA.

30. By refusing to pay Plaintiffs all their earned wages for their last two pay periods, Defendants have failed to timely pay Plaintiffs their earned wages in accordance with Indiana law.

31. Plaintiffs filed wage claims with the Indiana Department of Labor. The Indiana Office of the Attorney General has referred Plaintiffs' wage claims to the Law Office of Robert J. Hunt, LLC, for prosecution of this matter.

## COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

32. Plaintiffs hereby incorporate by reference Paragraphs 1-31 of this Complaint.

33. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. § 206 by failing to comply with the minimum wage requirements of the FLSA.

34. Defendants acted intentionally, willfully, or with reckless disregard to the rights of Plaintiffs as protected by the FLSA.

## COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§22-2-9 *et. seq.*

35. Plaintiffs hereby incorporate by reference Paragraphs 1 – 34 of this Complaint.

36. During the relevant time period, Defendants have violated and are violating provisions of Indiana Code §§22-2-9 *et. seq.* by failing to timely pay Plaintiffs' wages.

37. Defendants' refusal to timely pay Plaintiffs' their earned wages was in bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants and award relief as follows:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs, in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiffs;

b. An Order pursuant to I.C. §§ 22-2-9 *et. seq.* finding Defendants liable for unpaid earned wages due to Plaintiffs, plus liquidated damages double in amount of the unpaid wages found due to Plaintiffs;

c. An Order awarding Plaintiffs' costs of this action;

d. An Order awarding Plaintiffs' reasonable attorney's fees;

e. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage requirements of the FLSA;

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

THE LAW OFFICE OF ROBERT J. HUNT, LLC

<u>/s/Robert J. Hunt</u>
Robert J. Hunt (No. 30686-49)
Robert F. Hunt (No. 7889-84)
1905 South New Market St., Ste. 220
Carmel, IN 46032
Telephone:   (317) 743-0614
Facsimile:   (317) 743-0615
E-mail:      rob@indianawagelaw.com
             rfh@indianawagelaw.com